# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

STACEY COX and SANDRA NEWTON, individually and on behalf of all similarly situated persons,

      Plaintiffs,

v.

H&R BLOCK, INC., and
HRB TAX GROUP, INC.,

      Defendants.

**CLASS ACTION COMPLAINT FOR DAMAGES**

**Civil Action No. _____**

CLASS REPRESENTATION

Jury Trial Demanded

---

Plaintiffs Stacey Cox and Sandra Newton (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Class Action Complaint against H&R Block, Inc. and HRB Tax Group Inc., (collectively, "H&R Block" or "Defendants"), both Missouri companies, to obtain damages, restitution, and injunctive relief for the Class, as defined below, from Defendants. Plaintiffs make the following allegations upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record:

## NATURE OF THE ACTION

1. Plaintiffs bring this class action against Defendants for misleading the public, including their clients, in respect of the cost of their tax preparation services. Defendants are prominent providers of tax preparation services, active in the United States, Canada, and Australia. In 2023, H&R Block processed more than 20 million tax returns.

2. H&R Block deceptively markets its online tax preparation products ("Online

Products") by representing to consumers that they can file for free using H&R Block, when in fact, many consumers cannot file for free, and, having expended time and effort to enter the relevant information into H&R Block's systems, are invoiced hundreds of dollars to submit their tax returns.

3.     As detailed below, H&R Block has engaged, and continues to engage, in unfair and deceptive business practices in the advertising, marketing, distribution, and sale of its Online Products.

**PARTIES**

4.     Plaintiffs are and at all times mentioned herein were individuals seeking to file tax returns using H&R Block's Online Products.

5.     Plaintiff Stacey Cox ("Cox") is a resident of Spokane, Washington. Having seen the Defendants' advertisements, promising a free version of their Online Product, on or about February 1, 2024, Cox logged onto the Defendants' website to complete her tax return for the 2023 taxation year, expecting the service to be free. She received no warning that she was not eligible to file her return for free. Only after having entered her personal and financial information was Cox notified that she would be charged approximately $77 as a condition of submitting her return. Cox never received an explanation as to why her return was not a "simple" return that would qualify for a free submission. Although this fee was contrary to Defendants' promises of "free" tax return preparation, having expended the time and effort required to fill out her personal and financial information on the Defendants' online system, Cox agreed to pay the fee in order to submit her tax return.

6.     Plaintiff Sandra Newton ("Newton") is a resident of Leon, Iowa. Having seen the Defendants' advertisements, promising a free version of their Online Product, on or about February

10, 2024, Newton logged onto the Defendants' website to complete her tax return for the 2023 taxation year, expecting the service to be free. She received no warning that she was not eligible to file her return for free. Only after having entered her personal and financial information was Newton notified that she would be charged approximately $70 as a condition of submitting her return. Newton never received an explanation as to why her return was not a "simple" return that would qualify for a free submission. Although this fee was contrary to Defendants' promises of "free" tax return preparation, having expended the time and effort required to fill out her personal and financial information on the Defendants' online system, Cox agreed to pay the fee in order to submit her tax return.

7.      Defendant H&R Block, Inc., is a Missouri corporation with its principal office or place of business at 1301 Main Street, Kansas City, MO 64105. H&R Block, Inc. engages in the provision of tax return preparation solutions and distribution of Block-branded services and products.[1]

8.      Defendant HRB Tax Group, Inc., is a Missouri corporation with its principal office or place of business at One H&R Block Way, Kansas City, MO 64105. HRB Tax Group, Inc. offers tax filing, audit, and e-filling services. HRB Tax Group serves customers globally.[2]

9.      Together, the Defendants have engaged, and continue to engage, in a course of unfair and deceptive business practices, aimed at enticing customers to use their Online Products, with promises of free tax return filing. Contrary to Defendants' advertising, a large proportion of their customers are not eligible to file their tax returns for free, according to the Defendants' self-established (and changing) eligibility criteria.

---

[1] Bloomberg, H&R Block, Inc., HRB | H&R Block Inc. Company Profile & Executives - WSJ (last visited on March 27, 2024).
[2] Bloomberg, HRB Tax Group Inc., HRB Tax Group Inc - Company Profile and News - Bloomberg Markets (last visited on March 27, 2024).

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of Class Members exceed $5,000,000.00, exclusive of interest, attorneys' fees, and costs; and (3) Defendants and at least one class member are citizens of different states.

11.    This Court has jurisdiction over both Defendants, as they maintain their corporate headquarters in this District.

12.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District and the Defendants are headquartered in this district.

## GENERAL FACTUAL BACKGROUND

13.    The Defendants operate a prominent nationwide tax preparation business. According to the Defendants' website, more than 20 million tax returns were filed by their customers in calendar year 2023, and they have processed more than 935 million tax returns worldwide.[3]

14.    Upon information and belief, since at least 2013, H&R Block has offered multiple Online Products during each "Tax Season" (the period of time each year during which consumers file their taxes for the prior calendar year).

15.    Since at least Tax Season 2018, H&R Block has offered "Free Online," "Deluxe", "Premium," and "Self Employed" versions of its Online Product.  The products differ in the number of forms and schedules included in each version.

---

[3] H&R Block, Our Company, https://www.hrblock.com/corporate/our-company/ (last visited on March 24, 2024).

16.    Since at least 2018, H&R Block has marketed its Online Products through a variety of methods, including video, social media, and online advertisements (including on its own webpage, hrblock.com).

17.    Some of H&R Block's advertisements promote the Free Online Product.  They form the subject of this Complaint.

18.    On information and belief, from at least 2018 to 2020, H&R Block video advertisements touted Free Online as free with no limitations, disclosures, or disclaimers.  Other video advertisements purported to qualify the offer using small font, grey letters on grey background, and vague statements that did not let consumers determine whether the product was free for them, such as "Simple returns only when filing with H&R Block Free Online." "Simple return" is not defined.

19.    These commercials remain available on H&R Block's YouTube page.   For example, below are 5 frames of a 2022 commercial entitled "File Free Online" (https://www.youtube.com/watch?v=l9_P0aclSXk):





20.    A 2021 H&R Block commercial contains the following jingle: "We make it easy for you to get your taxes right.  But we know the money is tight.  **You can file online for free**, max refund guaranteed.  File online for free.  H&R Block has your back."

(https://www.youtube.com/watch?v=Eu86nMk8GN4)

21.    The commercial includes, among others, the following frames:



22.   In small, nearly transparent letters, one frame states "Limitations apply. See hrblock.com/guarantees for details.  Simple returns file free with H&R Block Free Online."  The frame is fleeting and disappears very quickly.  It does not explain what the limitations are, or what "simple returns" mean.



23.     During Tax Season 2023, H&R Block continued advertising its Online Products without disclosing material limitations, namely which tax circumstances are covered or excluded by each Online Product. For example, in a 15-second TV advertisement titled "Football Season" (https://www.ispot.tv/ad/2ani/h-and-r-block-football-season) a voiceover invites consumers: "Do your own taxes online with H&R Block."

24.     Among the opening frames of this commercial is a computer screen stating "File Free Online":



25.     The voiceover later states "Simple returns file free." This phrase also appears in large letters on screen:



26.     In that particular commercial, for approximately three seconds of the 15-second ad, the screen reads "Not all taxpayers qualify. See hrblock.com for details." The text is presented in small, *nearly transparent*, inconspicuous white text on a moving background, and not included in the voiceover. No other information is included as to any limitations of the free offer.

27.     A 2024 ad entitled "It's Better with Block: Breakroom", which is available on H&R Block's YouTube page (https://www.youtube.com/watch?v=y30KJ0VUFY8) includes the following spoken lines: "I switched to H&R Block. Doing my own taxes online. Kinda winning taxes. **I was able to file free**, and it was so easy to do on my own." (Emphasis added).

28.     It contains the following visual:



29.     Again, in small, nearly transparent letters, a text appears very briefly at the end of the commercial: "H&R Block Free Online is for simple returns only. Not everyone qualifies. All tax situations are different. Additional fees may apply." No further explanation is provided:



30. Another 2024 ad entitled "It's Better with Block: Trophy | File Free" contains the following voiceover: "Switch to H&R Block. **File free on your own**. Like a Champ." (https://www.youtube.com/watch?v=OsNn4xem74k). It contains the following frame:



31. A similar disclaimer is provided, in tiny, white-on-white font, that (very briefly) appears on the screen:



32. In short, H&R Block deceptively advertises the Free Online Product by representing its products as free, when in fact they are not free for many of its customers. Although some of the advertisements purport to limit the offer to "simple returns" only, the phrase "simple return" is not defined or explained in the advertisements, or, significantly, on H&R Block's homepage - hrblock.com. In fact, the criteria for what constitutes a "simple return" change from year to year.

33. To determine what forms were supported by the Free Online Product, H&R Block required consumers to navigate to the Free Online Product's specific landing page. Even on the product-specific landing page, consumers were required to locate and then click on an inconspicuous link to view the product's "Tech specs and supported forms" before they could access a complete list of tax forms and schedules that could be completed using the Free Online Product.

34. On information and belief, in at least Tax Seasons 2018 into 2023, the information that would have enabled consumers to understand whether they qualified for the Free Online Product was not included anywhere on the Online Product Selector Page. During at least those Tax

Seasons, consumers viewing the Product Selector Page had to click through three different inconspicuous links before they could access a complete list of tax forms available for any of the products.

35.     During at least those Tax Seasons, to access the complete list of tax forms for the Free Online Product, consumers had to follow the following steps.

36.     *First*, consumers had to click on the name of the individual product on the card (e.g., "Free Online"), which is itself an inconspicuous hyperlink. Clicking the Online Product name took consumers to a product-specific subpage of H&R Block's website.

37.     *Second*, consumers then had to notice and click on a link titled "Tech Specs and Supported Forms," located on the Free Online Product subpage, and go past the technical specifications displayed in tabular format at the top of the pop-up that opens.

38.     *Third*, consumers then had to select a link at the bottom of the pop-up titled "Federal Forms."

39.     Only then, having traversed a number of inconspicuous links, would the Defendants' customers be able to determine which federal forms or schedules are covered by the Free Online Product, and thus, whether they would actually be able to file a tax return for free.

40.     During Tax Season 2023, H&R Block made a minor change to the Free Online Product Card, adding a footnote ("22") after the phrase "Simple returns."



41. If a consumers clicked on the new footnote after the phrase "Simple returns," they were redirected to the bottom of the webpage that is initially hidden in a collapsed series of footnotes.

42. The footnote states, in small white text: "H&R Block Free Online is for simple returns only. All tax situations are different. Additional fees may apply. <u>See available forms</u>."



43. The phrase "See available forms," is a hyperlink, which if clicked, opens the list of forms included in the Free Online Product.



**H&R BLOCK**

**H&R Block Online | Federal Forms | Tax Year 2022**

| |
|---|
| Form 1040 Individual Income Tax Return |
| Form 1040-SR Individual Income Tax Return for Seniors |
| Form 1040 Schedule 1 Additional Income and Adjustments to Income |
| Form 1040 Schedule 2 Additional Taxes |
| Form 1040 Schedule 3 Additional Credits and Payments |
| Form 1040-ES Estimated Tax |
| Form 1040-V Payment Voucher |
| Form 1040X Amended U.S. Individual Income Tax Return |
| Form 1095-A Health Insurance Marketplace Statement |
| Form 1095-B Health Coverage |
| Form 1095-C Employer-provided Health Insurance Coverage |
| Form 1098-E Student Loan Interest |
| Form 1098-T Tuition Payment |
| Form 1099-DIV Dividends and Distributions Income |
| Form 1099-G Certain Government Payments |
| Form 1099-G Unemployment Income |
| Form 1099-INT Interest Income |
| Form 1099-K Third-Party Payments |
| Form 1099-OID Original Issue Discount |
| Form 1099-R Distributions from Pensions, Annuities, Retirement, or Profit Sharing |
| Form 1099-RRB Railroad Retirement |
| Form 1099-SSA Social Security Distributions |
| Form 1310 Refund Due a Deceased Taxpayer |
| Form 2120 Multiple Support Declaration |
| Form 2210 Underpayment Penalty |
| Form 4868 Automatic Extension of Time to File |
| Form 8332 Release of Claim to Exemption |
| Form 8379 Injured Spouse |
| Form 8453 Electronic Filing |
| Form 8615 Tax for Children Who Have Investment Income of More Than $1,900 |
| Form 8862 Information to Claim Earned Income Credit after Disallowance |
| Form 8863 Education Credits |
| Form 8888 Direct Deposit to More than One Account |
| Form 8915F Qualified 2021 Disaster Retirement Plan Distributions & Payments |
| Form 9000 Alternative Media Preference |
| Form 9465 Installment Agreement Request |

44.   In this way, Defendants required consumers to navigate the fine print footnote and then a separate page in order to access all of the material limitations to the Free Online Product.

45.   For Tax Season 2024, Defendants once again removed "footnote 22" from their product page:



46.     In this tax season, the only way for users to determine if they qualified for the free product was to click on "Forms included in Free" link and review the lists of federal and state tax forms, such as this:



**PLAINTIFFS AND THE CLASS SUFFERED DAMAGES**

47.     Plaintiffs and the Class are residents of the U.S. who used the Defendants' Online Products to prepare their returns for the years 2018 to 2024 and paid a fee for doing so.  Believing H&R Block's advertising regarding its "free" tax return preparation services, these users logged onto H&R Block's website to submit their tax returns.  Instead, having filled out their personal information, they were advised that they were ineligible for the Free Online Product, and that they

would be charged a significant fee as a condition for submitting their tax return.

48.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs and the Class suffered monetary losses as a result of having to pay for services which were advertised as "Free Online" to the public.

49.     Plaintiffs acted in reasonable reliance on Defendants' advertising, and would not have purchased Defendants' Online Products had they known that they were not free.

## CLASS ACTION ALLEGATIONS

50.     Plaintiffs seek relief in their individual capacities and as representatives of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and (c)(4), Plaintiffs seek certification of the following class ("Nationwide Class"):

> All United States residents who used the Defendants' Online Products to file tax returns for Taxation Years 2018-2024 and paid a fee for the filing of their individual tax returns.

51.     Excluded from the above Nationwide Class are the Defendants, including any entity in which the Defendants have a controlling interest, in which either of the Defendants is a parent or subsidiary, or which is controlled by the Defendants, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of the Defendants. Also excluded are the judges and court personnel in this case and any members of their immediate families.

52.     Numerosity. Fed. R. Civ. P. 23(a)(1). The members of the Nationwide Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, in a January 9, 2024 press release, the Defendants claimed to have "helped 20+ million clients file their taxes last year with half of them in-person at one of our

16

10,000 offices."[4]  In other words, some 10+ million users filed their taxes online through H&R Block, with a significant proportion of them paying a fee for this service.

53.     Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Nationwide Class, which predominate over any questions affecting only individual Nationwide Class members. These common questions of law and fact include, without limitation:

a.   Whether Defendants made false statements, concealed or omitted any material fact, or otherwise breached the Missouri Merchandising Practices Act ("MMPA"), including Mo. Rev. Stat §407.020 by advertising Online Products as "free" when, in fact, they were not free for a large portion of their clients;

b.   Whether Defendants' conduct constitutes a breach of implied contract;

c.   Whether Defendants were unjustly enriched by their advertising of Online Products as "free" when, in fact, they were not free for a large portion of their clients;

d.   Whether Defendants' acts and/or omissions in respect of their advertising of their Online Products caused financial harm to the Nationwide Class Members; and

e.   What the nature of the relief to which Plaintiffs and the Nationwide Class members are entitled should be.

54.     All members of the proposed Nationwide Class are readily ascertainable.

---

[4] "HR Block's Latest Brand Campaign Encourages Hardworking Americans to Switch to the Winning Team by Showing Why 'It's Better With Block'", H&R Block: https://www.hrblock.com/tax-center/newsroom/around-block/its-better-with-block-kicks-off-2024-tax-season/#:~:text=%E2%80%9CH%26R%20Block%20helped%2020%2B%20million,one%20of%20our%2010%2C000%20offices (last visited on: March 26, 2024).

Defendants have access to the addresses and other contact information for members of the Nationwide Class, which can be used for providing notice to many Nationwide Class members.

55. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of other Nationwide Class members because Plaintiffs paid for the preparation of their tax returns, despite Defendants' advertising that this online service was available for free.

56. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the members of the Nationwide Class. Plaintiffs' Counsel are competent and experienced in litigating class actions, including false advertising and other consumer litigation.

57. Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Nationwide Class is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

58. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Nationwide Class.

## COUNT I – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT
### (On behalf of Plaintiffs and the Nationwide Class)

59. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

60. MMPA defines "advertisement" as "the attempt by publication, dissemination,

solicitation, circulation, or any other means to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise." (Mo. Rev. Stat. § 407.010(1))

61.  MMPA defines "merchandise" as "any objects, wares, goods, commodities, intangibles, real estate or services." (Mo. Rev. Stat. § 407.010(4)).

62.  MMPA declares an "unlawful practice" the "use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce… in or from the state of Missouri" (Mo. Rev. Stat. § 407.020))

63.  Defendants, operating from their Kansas City headquarters, engaged in conduct that is unlawful within the meaning of Mo. Rev. Stat. § 407.010, which includes the following:

    a.  Fraudulently advertising material facts pertaining to the availability of their Online Products for free;

    b.  Misrepresenting material facts pertaining to the availability of their Online Products for free;

    c.  Omitting, suppressing, and concealing the material fact that their Online Products are not free for a substantial portion of their customers.

64.  Plaintiffs, acting reasonably, used Defendants' Online Products, expecting that they would be available for free in accordance with the Defendants' advertising, but had to pay a fee in order to complete their transactions.

65.  As a direct and proximate result of Defendants' unlawful and deceptive trade practices, Plaintiffs and the Nationwide Class suffered injuries, including but not limited to, the

fees they paid to the Defendants for the use of their Online Products.

66. MMPA "applies to deceptive schemes conducted by out-of-state businesses and involving out-of-state consumers." *State ex rel. Nixon v. Estes*, 108 S.W.3d 795 (Mo. Ct. App. 2003). Accordingly, all members of the Nationwide Class are subject to the protections, and can avail themselves of the remedies, provided in the MMPA.

67. Importantly, this case is not concerned with consumers who transacted with the Defendants at their local H&R Block offices, in their home states. Rather, it is concerned only with consumers who transacted with the Defendants online. In these online transactions, Plaintiffs, in reliance on advertising which Defendants designed and approved in Missouri, and communicated from Missouri, entered into contracts with Defendants in Missouri, and transferred funds which were received by Defendants in Missouri. Accordingly, the Defendants advertised and sold their Online Products "in or from the state of Missouri."

68. MMPA provides for a civil right of action for "any person" who purchases "merchandise" (which includes services) for "personal, family or household purposes and thereby suffers an ascertainable loss of money or property" as a result of "the use or employment by another person of a method, act or practice declared unlawful by section 407.020." (Mo. Rev. Stat. §§ 407.025(1))

69. Plaintiffs and the Nationwide Class seek relief under Mo. Rev. Stat. § 407.025(1) and/or attorneys' fees and costs.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all Class members proposed in this Complaint, respectfully request that the Court enter judgment in their favor and against Defendants as follows:

a. For an Order certifying the Nationwide Class as defined herein, and appointing Plaintiffs Cox and Newton as class representatives and their counsel as class counsel;

b. For an award of actual damages and compensatory damages, in an amount to be determined;

c. For an award of pre-judgment and post-judgment interest as allowed by law;

d. For an award of costs of suit and attorneys' fees, as allowable by law; and

e. Such other and further relief as this court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: April 4, 2024

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ Norman E. Siegel*
Norman E. Siegel (Mo. Bar No. 44378)
J. Austin Moore (Mo. Bar No. 64040)
Larkin E. Walsh (Mo. Bar No. 57561)
460 Nichols Rd, Suite 200,
Kansas City, Missouri 64113
Tel: (816) 714-7100
siegel@stuevesiegel.com
moore@stuevesiegel.com
walsh@stuevesiegel.com

John A. Yanchunis* (Florida Bar No. 324681)
jyanchunis@ForThePeople.com

Ronald Podolny* (New York Bar No. 4772232)
ronald.podolny@ForThePeople.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
*Pro hac vice to be filed*

*Attorneys for Plaintiffs and the Proposed Class*